113 F.3d 1246
 97 CJ C.A.R. 708
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arnold W. GRIMSLEY, Plaintiff-Appellant,
v.
Rudy RODREQUEZ, Unit Team Manager, Reno County; Robert D.
Hannigan, Warden, Reno County; Carl Cusinberry, Assistant
Warden, Hutchinson Correctional Facility; Sheriff of
McPherson County, Defendants-Appellees.
 No. 96-3339.
 United States Court of Appeals, Tenth Circuit.
 May 8, 1997.
 
 ORDER AND JUDGMENT*
 Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Arnold W. Grimsley appeals the district court's dismissal of his 42 U.S.C. § 1983 action against certain employees of the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas, where he is an inmate. He contends that the district court should have heard his case on the merits instead of dismissing it for failure to exhaust his administrative remedies.
 
 
 3
 As the district court correctly noted, 42 U.S.C. § 1997(e)(a), as amended by the Prison Litigation Reform Act, requires prisoners to exhaust available administrative remedies before they can bring a § 1983 action in federal court. Although Grimsley concedes that he did not exhaust his remedies, he contends that it was improper to dismiss his case on such a technicality. The requirement for exhaustion is not just a technicality. It is the law which federal courts are required to follow. Accordingly, the appeal is DISMISSED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3